IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ADRIENNE L. ADAMS, | ) | |
| Ex rel. Gene B. Clark, Jr., | ) | 4:10CV00033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me is the Report and Recommendation of the Magistrate Judge regarding the Commissioner of Social Security's Motion for Summary Judgment and the Claimant's Response. Def.'s Mot. for Summ. J, Jan. 18, 2011, ECF No. 14; Pl.'s Resp. to Def.'s Mot. for Summ. J., Feb. 1, 2011, ECF No. 17. This action is being prosecuted by the Claimant's mother, Adrienne Adams, because the Claimant, Gene Clark, Jr., is a minor. The Claimant's mother timely filed an Objection to the Report and Recommendation, prompting review by this Court. Objection, Mar. 9, 2011, ECF No. 19. For the reasons explained herein, the Court **SUSTAINS** the Claimant's Objection, **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation, **GRANTS IN PART AND DENIES IN PART** the Commissioner's Motion for Summary Judgment, and **REMANDS** this matter to the Commissioner to consider new medical evidence of the extent of the Claimant's psychological impairments.

## **FACTS**

On November 6th, 2006, Adrienne Adams, the mother of the Claimant, filed an application for supplemental security income on behalf of her minor son, Gene Clark, Jr., the

1

Claimant. R. at 14, Nov. 29, 2010, ECF No. 9. Citing attention deficit hyperactivity disorder (ADHD) and seizures, the Claimant's mother claimed a disability onset date of May 18, 2006.[1] Id. The Social Security Administration denied her son's claim on April 5th, 2007 and upon reconsideration on May 31st, 2007. R. at 81-89. The Claimant's mother then promptly requested a hearing before an administrative law judge. R. at 90-91. The ALJ held an initial hearing on October 21st, 2008 and held a supplementary hearing on June 3rd, 2009. R. at 22-69. At this stage, the Claimant was represented by counsel. R. at 96-97, 113.

On September 1st, 2009, the ALJ issued a decision in which he denied the Claimant supplemental security income benefits. R. at 14-21. In that decision, the ALJ found that the Claimant was a school-aged child who had not engaged in substantial gainful activity at any point relevant to the application for benefits. R. at 17. The ALJ ruled that "the claimant's impairments cause no more than minimal functional limitations; therefore, the claimant does not have an impairment or combination of impairments that is severe." Id. "In summary," the ALJ opined, "the claimant has ADHD which is well controlled by his medications. His teachers find the claimant has no deficits in any of the domains of functioning. The credible medical evidence indicates the claimant has no deficits in functioning. Clearly, the claimant is not disabled." R. at 20. The Claimant's counsel appealed the ALJ's decision to the Appeals Council. R. at 9. Claimant's counsel submitted three additional exhibits to the Appeals Council, which nonetheless denied the appeal on May 25th, 2010. R. at 1-4.

On July 23rd, 2010, the Claimant's mother, proceeding pro se on behalf of the Claimant, filed this action for Court review. Compl., July 23, 2010, ECF No. 3. In response to the Commissioner's Motion for Summary Judgment, the Magistrate Judge issued his Report and

---

[1] This was not the first application for supplemental security income that the Claimant's mother has filed. She filed a previous application on March 29th, 2004, which an administrative law judge ultimately heard and denied. R. at 73-74. That decision is not the basis for this appeal.

Recommendation. Def.'s Mot. for Summ. J.; Rep. and Recommendation, Feb. 23, 2011, ECF No. 18. The Magistrate Judge found that "[s]ubstantial evidence supports the Law Judge's finding that [the Claimant]'s impairments were not severe." Rep. and Recommendation 4. The Magistrate Judge also noted that "the only evidence which supports a finding that [the Claimant] is disabled comes from his treating psychiatrist, Richard L. Claytor, Jr., M.D." and that "[t]he Law Judge concluded that Dr. Claytor's November 17, 2008 opinion was not well supported by the medically acceptable clinical and laboratory techniques, and that his opinion was inconsistent with the other substantial evidence of the record." Id. Therefore, the Magistrate Judge recommended that this Court grant the Commissioner's Motion for Summary Judgment, affirm the Commissioner's final decision, and dismiss this case from the docket. Rep. and Recommendation 7. The Claimant's mother timely filed an Objection in which she urges this Court to consider the recent medical records and to "look at the present" where she avers her son's condition is worsening. Objection 1. Specifically, the Claimant's mother points out that her son has recently been diagnosed as bipolar and has been classified as severely depressed. Id.; Pl.'s Resp. to Def.'s Mot. for Summ. J. (noting that Dr. Owusu recently diagnosed her son with bipolar disorder). Although she offers "to get more medical information" for the Court, to date she has not submitted any such information and the time for her to do so has now passed. Fed. R. Civ. P. 72(b)(2).

## APPLICABLE LAW

In a Social Security appeal, a District Court must not undertake a de novo factual review of the Commissioner's decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the Court must uphold the Commissioner's decision where his factual findings are supported by substantial evidence and he has applied the proper legal standard. Mastro v. Apfel, 270 F.3d

171, 176 (4th Cir. 2001) (citing references omitted). Substantial evidence is "more than a scintilla, but less than a preponderance of the evidence." Id. (citing references omitted). In other words, "if there is evidence to justify a refusal to enter judgment as a matter of law were the case before a jury, then there is substantial evidence." Townsend By and Through Townsend v. Chater, No. 94-2292, 1995 WL 406614, at *2 (4th Cir. July 11, 1995) (quoting Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984)).

It is the Commissioner's role to evaluate the medical evidence and asses symptoms, signs, and findings to determine the Claimant's functional capacity. 20 C.F.R. §§ 404.1527-404.1545. See also Kearse v. Massanari, 73 Fed.Appx. 601, 603 (4th Cir. 2003). The Code of Federal Regulations gives the Commissioner some latitude in resolving factual inconsistencies in the evidence. 20 C.F.R. §§ 404.1527, 416.927; Hays, 907 F.2d at 1456. Unless the decision lacks substantial evidence to support it, the final determination of whether the Claimant is disabled is left to the ALJ and the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); Thomas v. Commissioner of Social Sec., No. 4:10-cv-15, 2011 WL 867092, at *2 (W.D.Va. Mar. 11, 2011). If substantial evidence supports the ALJ's resolution of the conflicts in the evidence, then this Court must affirm the Commissioner's final decision. Hays, 907 F.2d at 1456 (quoting Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1973)). "In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [Commissioner]." Mastro, 270 F.3d at 176. Regardless of whether the Appeals Council denied review, the Fourth Circuit has instructed its District Courts to consider all evidence presented at the administrative level, including new evidence presented to the Appeals Council. Jones v. U.S. Dept. of Health & Human Services, No. 97-1107, 1998 WL 85408, at *1 (4th Cir. Feb. 27, 1998) (Appeals Council

denied review); Mullinax v. Secretary, Dept. of Health and Human Services, No. 90-3043, 1991 WL 10052, at *4 (4th Cir. Feb. 4, 1991) (Appeals Council granted review). But see Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998) (where the Appeals Council denies review, the reviewing Court only looks to evidence presented to the ALJ to determine whether substantial evidence supports the Commissioner's decision); Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993) (the Court cannot reverse the ALJ's decision on the basis of evidence first presented to the Appeals Council). If there is new evidence that was not presented at the administrative level, the Court may remand to the Commissioner for consideration of that new evidence if:

> (1) the evidence [is] relevant to the determination of disability at the time the application was first filed; (2) the evidence [is] material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there [is] good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant…make[s] at least a general showing of the nature of the new evidence to the reviewing court.

Miller v. Barnhart, 64 Fed.Appx. 858, 859-60 (4th Cir. 2003).

The U.S. Code provides that a minor is considered disabled and thus entitled to Social Security benefits if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The ALJ uses a three-step evaluation process to determine whether the minor has a marked and severe limitation within the meaning of the statute. 20 C.F.R. § 416.924(a). First, the ALJ must determine whether the minor is engaged in substantial gainful activity. Id. If not, then the ALJ inquires whether the minor has an impairment or combination of impairments that is severe. Id. If so, the ALJ determines whether that impairment meets, medically equals, or functionally equals the listings. Id. To meet or

equal the listings, the minor "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990) (emphasis in the original).

In the alternative, if the minor seeks to functionally equal the listings, the Code of Federal Regulations requires the ALJ to consider six functioning domains. 20 C.F.R. § 416.926a(b)(1). Those domains are: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [one]self; and, (vi) Health and physical well-being." Id. The minor has the functional equivalent of a listing when he has marked limitations in two of the aforementioned domains, or an extreme limitation in one of the domains. 20 C.F.R. § 416.926a(d).

## **ANALYSIS**.

The Claimant's mother argues that the Claimant needs benefits because he has severe ADHD, seizures, insomnia, severe depression, and bipolar disorder. Three of these five impairments were not alleged in the Claimant's initial benefits application and there was no evidence of bipolar disorder at the administrative level. Since the record closes when the case passes from the administrative to the Court level, any evidence presented beyond the administrative level cannot be considered in determining whether the ALJ's decision was supported by substantial evidence. Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996); Barnhart, 64 Fed.Appx. at 859; Jones, 1998 WL 85408, at *1. Instead, any evidence submitted once the case was filed for Court review will trigger a remand provided that the new evidence meets the criteria set out in Barnhart. Barnhart, 64 Fed.Appx. at 859-60 (outlining the four considerations). Because the issue of whether the ALJ's decision was supported by substantial

evidence is separate from the issue of whether there is good cause to remand because of new evidence, the Court considers the two issues in turn.

I.  The ALJ's Initial Decision Was Supported By Substantial Evidence

In determining that the Claimant did not have an impairment or combination of impairments that is severe, the ALJ ended his inquiry into the Claimant's eligibility for benefits at the second of 20 C.F.R. § 416.924(a)'s three steps.  The Code of Federal Regulations provides that "[i]f [the] impairment is not severe, [the Commissioner] will determine that [the Claimant is] not disabled and not review [the] claim further."  20 C.F.R. § 416.924(a).  An impairment is not severe only if it is a slight abnormality that has a minimal effect on the Claimant.  20 C.F.R. § 416.294(c); Albright v. Commissioner of Social Sec. Admin., 174 F.3d 473, 474 n.1 (4th Cir. 1999).  Although, the Fourth Circuit has noted that 20 C.F.R. § 416.924(a)'s second step "is not a difficult hurdle for the claimant to clear," substantial evidence supports the ALJ's finding that the Claimant in this case could not clear that hurdle.  Albright, 174 F.3d at 474 n.1.

The Claimant's mother alleged ADHD and seizures in her son's application for benefits. The administrative record further reveals evidence of insomnia and depression.  The ALJ was obligated to "consider the combined effect of all of [these] impairments," which he did.  20 C.F.R. § 416.923.  The ALJ considered evidence from the Claimant's mother, his treating psychiatrist, a Disability Determinations Services expert, a medical expert, the Claimant's teachers, his pediatrician, and his neurologist.  The Disability Determination Services expert, David Niemeier, completed a domain-by-domain evaluation of the Claimant and found that he had no severe impairment.  R. at 246-252.  The medical expert, Dr. Muller, also made a domain-by-domain assessment of the Claimant's condition.  Although Dr. Muller's evaluation differed a bit from Mr. Niemeier's, Dr. Muller likewise found no severe impairment.  Compare R. at 246-

7

252 (Childhood Disability Evaluation Form completed by David Niemeier) with R. at 29-34 (Dr. Muller's domain-by-domain evaluation and impressions of Mr. Niemeier's evaluation).

Although neither the pediatrician nor the neurologist made a domain-by-domain assessment of the Claimant, the evidence in the administrative record from those two doctors does not contradict the assessments made by Mr. Niemeier and Dr. Muller. The pediatrician noted some ups and downs in the Claimant's behavior, but did not go into much detail. Compare R. at 214 (behavioral impairments doing well, but Claimant's mother says he is "hard-headed") and R. at 218, 220 (no complaints during that visit) and R. at 226, 228, 232 (behavioral impairments doing well) with R. at 224 (Claimant is difficult to control and disruptive) and R. at 234, 271 (Claimant disruptive). As to the seizures, the neurologic examination performed on the Claimant produced normal results, with no evidence of symptoms of epilepsy. R. at 210-11, 213. The Claimant's mother also noted that, despite seeing a neurologist, the Claimant is not on any medication for his seizures. R. at 192.

The ALJ gave "[gave] great weight" to the impressions of the Claimant's teacher "as non-medical sources of evidence." R. at 20. In the domain-by-domain evaluation sheets she filled out, the teacher indicated no problems in any of the six domains. R. at 164-170, 184-91. On both evaluations the teacher further commented that when the Claimant takes his medication he is focused, settled, and less inappropriately talkative. R. at 169, 190. The administrative record also contains a report that the school guidance counselor prepared after the Claimant was caught passing a note to a classmate which read "I will kill you tonight." R. at 204-206. That report indicates that the incident occurred because the Claimant had not taken his medication that morning. R. at 204. Even the Claimant's mother admits that when the Claimant takes his

8

medication, "he's like a normal, you know, a normal child."[2] R. at 52. See also R. at 64 (Claimant's mother notes that once the Claimant started on new medication, he began to perform better in school).

The only evidence in the record indicating that the Claimant has severe impairments comes from his treating psychologist, Dr. Claytor. In stark contrast to evaluations from the Claimant's other doctors and his teacher, Dr. Claytor opined in a November 17th, 2008 evaluation that the Claimant had marked limitations in all applicable areas of functioning: cognitive, communicative, motor, social, personal, and concentration. R. at 283. Dr. Muller gave the ALJ a domain-by-domain explanation as to why his opinion differed from Dr. Claytor's. R. at 33. The ALJ adopted Dr. Muller's rebuttal of Dr. Claytor's assessment. R. at 20. The ALJ further concluded that Dr. Claytor's "opinion on the nature and severity of the impairments is not well supported by medically acceptable clinical and laboratory techniques; and his opinion is inconsistent with the other substantial evidence of record." Id. Indeed, at times Dr. Claytor's November 17th, 2008 assessment is inconsistent with his own notes on his appointments with the Claimant. See, e.g., R. at 286 (notes from a January 6th, 2009 visit indicating that the Claimant is stable, making excellent progress academically, and his mood is appropriate). The latest appointment notes in the record generally indicate that the Claimant's behavior and school performance declined while he was off a particular medication, but once he began taking the medicine again he made "some improvement with behaviors and mood," though not school performance. R. at 314-18 (the quote is from the Claimant's latest visit on record with the psychiatrist, which took place on December 3rd, 2009). These latest records from

---

[2] The Court could not help but notice that the Claimant's mother has serious concerns about the Claimant's propensity towards violence. R. at 61, 67. She told the ALJ that the Claimant has started to scare her as he has gotten older. Id. The Claimant's mother appeared to hint, however, that the Claimant may not have been on his medication when at least some of these incidents occured. R. at 63. See also R. at 318 (Claimant's mother reporting erratic behavior from the Claimant during a period when the Claimant was not getting his medication).

a physician whose opinion was at odds with all the other evidence are not sufficient to disturb the administrative decision in this case.

Although Dr. Claytor is the Claimant's treating physician, it is well-settled that the treating physician rule does not require that the ALJ give the opinion offered by the Claimant's treating physician controlling weight where that opinion is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is…inconsistent with the other substantial evidence in the record." Mastro, 270 F.3d at 178. Indeed, even if the ALJ were to give "greater weight" to Dr. Claytor's opinion, the psychiatrist's opinion is an evidentiary outlier. Id. ("the treating physician rule generally requires a court to accord greater weight to the testimony of the treating physician"). Furthermore, this Court is not at liberty "to re-weigh conflicting evidence [and] make credibility determinations." Id. at 176. Substantial evidence supports both the ALJ's resolution of the conflicts in the evidence and his conclusion that the Claimant does not have a severe impairment. Id. (the Court must not "substitute its judgment for that of the [Commissioner]"); Hays, 907 F.2d at 1456 (where the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence the reviewing Court must affirm).

II. Remanding to Consider New Evidence Is Appropriate

The section of the U.S. Code providing that the Court may remand to the Commissioner to take new evidence "applies specifically to evidence not incorporated into the record by either the ALJ or the Appeals Council." Howell v. Barnhart, No. 7:05-cv-99, 2006 WL 337540, at *4 (W.D.Va. Feb. 14, 2006). In her Objection, the Claimant's mother offers to obtain more evidence for the Court concerning the extent of the Claimant's psychological ailments. Objection 1. Specifically, the Claimant's mother contends that Dr. Owusu-Yaw recently came to the conclusion that the Claimant has been suffering from bipolar disorder. Letter by Adrienne

Adams 4, Dec. 6, 2010, ECF No. 11; Pl.'s Resp. to Def.'s Mot. for Summ. J. 1.  The Claimant's mother also claims to have records showing that the Claimant's depression was significantly worse than his doctors originally thought.  Letter by Adrienne Adams 4; Objection 1.  Although the ALJ's decision based on the record before him at the time was supported by substantial evidence, the compelling nature of the new evidence referenced by the Claimant's mother makes a remand appropriate in this case.

It is quite likely that this new evidence is relevant to the determination of disability from the time the Claimant first filed his application, meeting the first prong of Barnhart's four-prong test.  Barnhart, 64 Fed.Appx. at 859.  Although the Claimant's doctors only recently decided that he is bipolar, there is no evidence that this is a completely new impairment.  Indeed, the record has plenty of examples of the Claimant's unusual and sometimes dark and violent behavior, suggesting that the Claimant's psychological problems may have been further reaching than the doctors were able to discover at such a young age.  See, e.g., R. at 61, 67, 205-06, 276.

This new evidence meets Barnhart's second prong, as well.  Barnhart, 64 Fed.Appx. at 859-60.  The evidence would hardly be cumulative, since "[n]o other evidence specifically addressed [the] issue[s]" of bipolar and *severe* depression.  Wilkins v. Secretary, Dept. of Health and Human Services, 953 F.2d 93, 96 (4th Cir. 1991); Skeens v. Sullivan, 737 F.Supp. 362, 366 (W.D.Va. 1990) (remand is inappropriate where the new evidence offered is "merely cumulative"). Furthermore, the new evidence offered by the Claimant's mother is quite different from the evidence the ALJ considered in that it shows previously undiscovered psychological impairments that are significantly more severe in nature.  Skeens, 737 F.Supp. at 366 (Court would not remand where, in the new evidence, the claimant's doctor offered "no new impressions or findings").  Given the nature of this new evidence, there is at least "a reasonable

possibility that the new evidence would have changed the outcome." Owens v. Astrue, No. 7:09-cv-263, 2010 WL 3743647, at *4 (W.D.Va. Sept. 22, 2010) (citing Wilkins, 953 F.2d at 96 and Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985)).

The Claimant also satisfies Barnhart's third and fourth prong. Barnhart, 64 Fed.Appx. at 859-60. The reason the Claimant's mother did not submit this evidence while the case was before the Commissioner is because the more serious nature of the Claimant's ailments has only recently come to light. Letter by Adrienne Adams 4; Pl.'s Resp. to Def.'s Mot. for Summ. J. 1.; Objection 1. Whether the Claimant's mother has made "a general showing of the nature of the new evidence" is a closer issue. Barnhart, 64 Fed.Appx. at 860. Her responsive letters suggest that she has the new evidence and in her Objection she offers to present the evidence to the Court. Letter by Adrienne Adams 4; Pl.'s Resp. to Def.'s Mot. for Summ. J. 1.; Objection 1. To date, she has not filed that evidence. Perhaps she thought the Court would instruct her to do so. The Claimant's mother, who does not have a legal education and is not familiar with this Court's procedures, is litigating pro se on her son's behalf, and as such this Court gives her the benefit of the doubt. Cox v. City of Charleston, 416 F.3d 281, 288 (4th Cir. 2005); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

## CONCLUSION

For the reasons stated above, the Court **SUSTAINS** the Claimant's Objection, **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation, **GRANTS IN PART AND DENIES IN PART** the Commissioner's Motion for Summary Judgment, and **REMANDS** this matter to the Commissioner to consider the new medical evidence discussed above. The Report and Recommendation is adopted and the Commissioner's

Motion is granted as they relate to whether substantial evidence supported the ALJ's initial decision.

ENTERED this 1st day of April, 2011.

                                                      s/Jackson L. Kiser
                                                     Senior United States District Judge